AT OCTOBER TERM, 1850.

---

EBENEZER B. WOODRUFF v. LOTHROP W. CHAPIN ET AL.

A writ of error will lie upon an order made in the court below settling the priority among executions against the same defendant, and ordering one to be satisfied out of the proceeds of sale in preference to others.

---

The writ of error in this case was directed to the Supreme Court, to bring up an order made in that court at the term of July, 1849, in a certain suit in that court pending between the defendants in error, as plaintiffs, and Lewis F. R. Gregory, ordering the sheriff of Sussex to pay over to said Chapin, Bennett, and Monroe certain moneys in his hands, raised by the sale of the property of Gregory by virtue of a *fieri facias*, issued in said suit, and by virtue of another *fieri facias*, issued out of Sussex Common Pleas against Gregory, and which was prior in date and delivery to the *fieri facias* out of the Supreme Court.

On the part of the defendants in error, a motion was made to quash the writ of error, on the ground that an order of a

court settling the priority of executions was not such an order as could be reviewed on writ of error.

*Scudder* and *Vroom,* counsel for defendants in error, for the motion to quash.

1. This court, being created by the constitution, its jurisdiction, as a Court of Errors, depends upon the constitutional provision. *Const., Art. VI.* § 1. It constitutes a Court of Errors and Appeals in the last resort in all causes, *as heretofore,* in much the same language as § 9 of the first constitution.

2. It was settled that there were many cases in which writs of error did not lie ; a large class of cases could be reviewed only by *certiorari.*

3. The statutes, and the cases on the subject in England and' this country all confine the operation of a writ of error to a judgment, or award in the nature of a judgment. *Rev. Stat.* 194, § 9 and 12; *Bac. Abr., Error A.* 2; 1 *Bin. Rep.* 222, *Shirtz* v. *Quigley;* 4 *Cranch.* 237 ; 2 *Mass.* 441, *Drowne* v. *Stimpson.*

This case is decided in the court below upon proof in the form of affidavits. How can these affidavits be got up into this court legally?

4. The question decided below in this cause, and in all like cases, is in the exercise of the control of the court below over the use and abuse of their own process, and is partly a question of law and in part a question of fact; and error in law and in fact cannot be assigned upon the same record. 2 *Halst.* 190, *Freeborn* v. *Denman.*

A judgment of amercement is of the same nature, and a writ of error will not lie thereon. 2 *Halst.* 438, *Kline* v. *Pemberton.*

5. Error does not lie on the refusal of motions in the discretion of the court in matters of practice. 14 *Peters* 1, *Evans* v. *Gee;* 17 *John.* 484; 1 *John.* 531 ; 1 *Salk.* 254; 4 *Mass.* 483 ; 9 *Price* 600 ; 1 *Tidd's Pr.* 470–1; 12 *John.* 31 and 50 ; *Com. Dig. Pleader.*

In 3 *Green* 385, *Evans* v. *Adams,* Ford, J., expressly holds that orders, "settling priorities on conflicting executions" are matters in the discretion of the court.

Woodruff v. Chapin et al.

In 6 *Halst.* 339, *Wright* v. *Green*, it was held that error in setting aside an amercement could not be reviewed on writ of error or certiorari. And Ewing, C. J., quotes *Saxton* v. *Geary*, decided September term, 1824, but not reported, in which a *certiorari* was quashed, by which the decision of the Hunterdon Common Pleas, settling priorities among conflicting executions was brought up. 10 *Alabama Rep.* 814, *The State* v. *Ware;* 1 *Zab.* 700, *Den d. Rutherford* v. *Fen.*

On the principles established in these cases, this writ of error should be quashed.

*Whelpley* and *Zabriskie*, against motion to quash.

In New Jersey, by decisions well settled before the constitution of 1844, writs of error have been maintained on all final orders *deciding a right*. In *Stansbury* v. *Squier*, 2 *South.* 861, decided in 1820, a judgment of amercement against a sheriff was removed into the Court of Errors by writ of error, and the facts got up by *certiorari*, and the judgment reviewed and reversed upon consideration of the facts. In the original case, 2 *South.* 440, Kirkpatrick, C. J., says, " The real question is, whether the sheriff, *upon the whole case*, is liable to amercement."

2 *Green* 223, *Taylor* v. *Griswold*. This was a summary decision on the election of an incorporated company, decided on affidavits; no common law record or judgment, yet the Court of Errors refused to dismiss the writ of error. 7 *Halst.* 368, *Lawrence* v. *Dickey*. Decision of Court of Common Pleas ordering satisfaction of judgment based on affidavits reviewed in *certiorari* in Supreme Court. Held in Court of Errors (*Minutes, p.* 141), that this could be reviewed.

3 *Green* 373, *Evans* v. *Adams*. Was a case where the proceedings of the court below, setting aside a judgment upon application of a subsequent judgment creditor, was held to be subject to review by writ of error. That case is express authority for this. There the judgment was set aside, here the execution and levy, but the *principle* of interference is the same.

Both are *summary proceedings,* no technical record or judgment; neither are matters of discretion, as leave to amend or time to plead, or other matters of practice; in both, the decisions are upon facts, according to the rules of law, *p.* 378.

As to what are matters of discretion, see 5 *Halst.* 249, *McCoury* v. *Suydam,* 1 *Pet.* 168; 12 *John.* 48, *Clason* v. *Shotwell.*

In 1 *Harr.* 313, *Norcross* v. *Bolton,* it was held that a writ of error would \ie to review *order* of Common Pleas setting aside a judgment as to costs, on the ground that costs are matter of right, and not of discretion.

And in 1 *Zab.* 703, *Den d. Rutherford* v. *Fen,* it is said that summary proceedings are reviewed in this court by writ of error, because a *certiorari* cannot issue from this court.

In *Clason* v. *Shotwell,* 12 *John.* 31, a writ of error was sustained removing an order for a writ of re-restitution, on the ground that the order was final on the whole matter submitted to them.

In 1 *Alabama Rep.* 292, *Whaler* v. *Kennedy,* a writ of error was sustained to remove an order of the court below settling priority between executions.

And whatever may have been the common law doctrine, if before the adoption of the constitution of 1844, giving the Court of Errors jurisdiction as heretofore, writs of error in such cases had been sustained, they must be sustained now.

The cases of *Boyle* v. *Zaahain,* 6 *Pet.* 637, and *Evans* v. *Gee,* 14 *Pet.* 3, are both cases where the courts below refused to interfere with proceedings upon mere motion; whether they would interfere in this *manner,* was matter of discretion, and could not be reviewed. And the case of *Wright* v. *Green,* 6 *Halst.* 334, is an order opening an amercement against sheriff for not bringing in the body; a matter of mere practice, and in the discretion of the court. *Brewer* v. *Ware,* 3 *Harr.* 370, is a case of judgment on a feigned issue, in which the order of the court was not brought up.

GREEN, C. J. It seems not to be denied that the writ of error in this case is brought to remove an order or award, in the

nature of a final judgment, made upon a question of strict legal right, not in any wise resting in discretion. The question was, which of several executions was entitled to legal priority, and which of several execution creditors was entitled to the avails of the execution. By a decision in favor of one, the rights of all the others were concluded. They were, in a legal sense, " aggrieved." If the decision was erroneous, some definite rule of law must have been violated. The case, therefore, falls directly within the principles repeatedly recognized by this court, as a proper foundation of a right of review. *Den ex dem. Rutherford* v. *Fen*, 1 *Zab.* 700; *Garr* v. *Hill*, 1 *Halst. Ch. Rep.* 639; *State* v. *Wood*, (usually known as the Camden election case, not yet reported.)

In the latter case, the court below had passed no definite sentence, and made no adjudication upon the rights of the parties. They had simply, in the exercise of their discretion, refused to take cognizance of the case, and to decide the question of law arising between them. Upon this ground it was held that no writ of error would lie.

The objection to the proceeding lies in the fact suggested by the counsel of the defendant in error, that the proceeding appealed from is one in which the plaintiff in error was not properly a party to the record; that several parties having no priority were interested in the decision, some of which are not before the court; and that a decision by this court may conclude the rights of parties in interest, who are not before the court or parties to the record. The case is certainly not without its difficulties; but they grow out of the anomalous character of the proceeding in the court below. The plaintiff in error is a party, with others, to the rule to show cause, entered in the Supreme Court. He is a party to the order of the court making that rule absolute. It is this order of which the plaintiff in error complains, and from the effects of which he seeks to be relieved. He is then, properly speaking, a party to the proceeding in the court below, against which he seeks relief. The case of *Saxton* v. *Geary*, as reported by the Chief Justice, in *Wright* v. *Green*, 6 *Halst.* 339, is apparently an authority the other way, though we are not furnished with the

precise grounds upon which the court proceeded. But this case, as well as that of *Phillips* v. *Phillips,* so far as they bear upon the particular point now under consideration, must be considered as overruled by the later authorities. I do not understand what was said by Justice Ford, in *Matthews* v. *Warne,* 5 *Halst.* 304, as militating against the view now expressed. When he said that the decision of the court upon the point would be *conclusive,* he must be understood as meaning that the decision would be conclusive in the same sense that every judgment of the court would be conclusive. All final judgments are properly said to be conclusive of the rights of parties.

I think the motion must be denied.

CITED *in Eames* v. *Stites,* 2 *Vr.* 493; *Hemselt* v. *Smith,* 5 *Vr.* 318.